IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: COLOPLAST CORP.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION          MDL No. 2387

---

THIS DOCUMENT RELATES TO:

*Eva Buki v. Coloplast Corp.*                    Civil Action No. 2:15-cv-03504

## MEMORANDUM OPINION AND ORDER

Pending before the court is Coloplast Corp.'s ("Coloplast") Motion to Dismiss for Failure to Submit a Plaintiff Fact Sheet [ECF No. 14]. The plaintiff has not responded, and the motion is ripe for my decision. For the reasons stated below, the motion is **GRANTED**.

Coloplast's Motion arises from this court's Order [ECF No. 13], entered on March 10, 2017, denying Coloplast's s Motion to Compel and in the Alternative to Dismiss, for failure to serve a Plaintiff Fact Sheet ("PFS") in compliance with Pretrial Order ("PTO") # 107. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 [ECF No. 8] (applying the *Wilson* factors to Ms. Buki's case).[1] Concluding that the first three factors weighed in

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan*

favor of sanctions as requested by Coloplast, I nevertheless declined to award the requested sanctions of either dismissal or monetary sanctions because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 107. I afforded her 30 business days from the entry of the Order to submit to Coloplast a completed PFS, with the caveat that a failure to do so may result in dismissal of her case upon motion by Coloplast. Despite this warning, Ms. Buki has again failed to comply with this court's orders and did not provide Coloplast with her PFS within the 30-day period. Consequently, Coloplast moved to dismiss this case.

Because the less drastic sanction instituted against Ms. Buki has had no effect on her compliance with and response to this court's discovery orders, which she has continued to disregard, I find that dismissal is now appropriate. For the reasons explained in my March 10, 2017 Order [ECF No. 13], it is **ORDERED** that the defendant's Motion to Dismiss [ECF No. 14] is **GRANTED**, and the plaintiff's case is **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 8, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

*Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).